## FERDINAND MURLING *v.* WILLIAM GROTE.

Where the justice disposed of the business before him, and a defendant who was waiting asked for the cause in which he had been summoned, and was informed by the justice that he had no such cause, and he thereupon left the court, *held*, that the plaintiff could not afterwards proceed with the cause in the defendant's absence.

APPEAL by defendant from a judgment of the First District Court, entered against him by default. The facts appear in the opinion of the court.

*Allan M. Sniffin*, for the appellant.

*S. Bennett Ackerman*, for the respondent.

INGRAHAM, FIRST JUDGE.—In this case, on the return of the summons, the parties appeared, and after the justice had called his cases, the defendant's counsel applied for this case, and was informed by the justice that he had no such case, as all the cases had been called and disposed of, and thereupon he left the court with his witnesses. Afterwards the papers were found, and the case was adjourned to another day. The plaintiff's attorney made oath that he had served, on the defendant's attorney, a notice of the adjournment. This is denied by the defendant's attorney, who states he had no notice of any adjournment. On the adjourned day the plaintiff took a judgment by default.

I am not satisfied that the justice had any authority to proceed in the case after dismissing the defendant. On the contrary, after the defendant has appeared and been dismissed by the court, the safer course is to serve a new summons. If the practice is sanctioned which was adopted in this case, it will open a door to great frauds in the service of notices, from which no relief can afterwards be obtained, for want of power in the court below to open a judgment obtained by improper means.

Judgment reversed.